UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
PAULO VAIVAO and MIKO VAIVAO,

                          Plaintiffs,

            -against-

CITY OF NEW YORK; Police Officer MAXIM KATS, Shield No. 29087; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiffs Paulo Vaivao and Miko Vaivao ("plaintiffs" or "Paulo" and/or "Miko ") are residents of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Maxim Kats, Shield No. 29087 ("Kats"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Kats is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 3:00 p.m. on October 31, 2012, in the immediate aftermath of super storm Sandy, plaintiffs were lawfully walking in the vicinity of 2697 West 33rd Street in Brooklyn, N.Y.

14. The defendants, without probable cause or reasonable suspicion to believe that they had committed any crimes or offenses, stopped and questions plaintiffs. Plaintiffs strongly objected to the intrusion.

15. Plaintiffs were placed in handcuffs and taken to the precinct.

16. Plaintiffs did not know why they were being arrested.

17. At some point, the District Attorney's office declined to prosecute plaintiffs on these charges.

18. During plaintiffs' period in custody, the defendants charged plaintiffs with a separate charge of Criminal Trespass allegedly occurring at 3310 Bayview Avenue on October 29, 2012 at 5:00 p.m.

19. Plaintiffs had committed no such trespass. According to the criminal court complaint, plaintiffs had trespassed by being inside a "fenced-in location of a

private yard."

20. Plaintiffs had lawfully stopped at this location, knocked on the door, and inquired about a friend that lived in the location.

21. At the precinct, defendants, including defendant Kats, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs commit Criminal Trespass.

22. At no point did the officers observe plaintiffs commit any crimes or offenses.

23. From the precinct, plaintiffs were taken to Brooklyn Central Booking.

24. Plaintiffs were subsequently arraigned in Kings County Criminal Court, received an Adjournment in Contemplation of Dismissal ("ACD") and were released. In lieu of the ordinary six-month waiting period for the sealing and dismissal of an ACD, plaintiffs' cases were immediately sealed and dismissed.

25. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

26. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

29. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

31. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Abuse Of Process

32. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33. The individual defendants issued legal process to place plaintiffs under arrest.

34. The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of plaintiffs.

35. The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

36. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **FOURTH CLAIM**
### **Failure To Intervene**

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

39. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

40. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   December 29, 2014
         New York, New York


                                      /s
                            Robert Marinelli
                            305 Broadway, 9th Floor
                            New York, New York 10007
                            (212) 822-1427
                            robmarinelli@gmail.com

                            *Attorney for plaintiffs*